Submitted on record March 5, accused is disbarred May 27, 1993

In re Complaint as to the Conduct of
## RODNEY RANDALL TAYLOR,
*Accused.*

(OSB 89-71; SC S37525)

851 P2d 1138

PER CURIAM

## PER CURIAM

A trial panel of the Oregon State Bar Disciplinary Board found the accused guilty of numerous violations of the disciplinary rules governing lawyers and decided that he should be disbarred. This matter is here on *de novo* review, ORS 9.536(2) and (3), and is submitted on the record without briefing or oral argument, pursuant to ORAP 11.25(3)(B).

The Bar's complaint contains six charges of misconduct. Our findings follow.

The first two charges are that the accused has been convicted of several crimes and that he should be disciplined under DR 1-102(A)(2)[1] and ORS 9.527(2).[2] The accused has been convicted in federal court of two felonies involving drugs: possession with intent to distribute marijuana; and conspiracy to manufacture, possess, and distribute marijuana, 21 USC §§ 841(a)(1) and 846. The accused also has been convicted of violating 26 USC § 7201 ("attempt[ing] to evade or defeat a tax" by not filing an income tax return), a felony.[3]

Neither drug conviction was simply a conviction for possession of a controlled substance. One conviction was for conspiracy to manufacture, possess, and distribute marijuana. One was for possession with intent to distribute marijuana. Trafficking in controlled substances is a serious crime. *See In re Jaffee*, 311 Or 159, 164, 806 P2d 685 (1991) (out-of-

---

[1] DR 1-102(A)(2) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"(2) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law."

[2] ORS 9.527(2) provides:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"* * * * *

"(2) The member has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, or is punishable by death or imprisonment under the laws of the United States * * *."

[3] The accused was suspended from the practice of law on November 6, 1990, pursuant to BR 3.4(d).

state lawyer who passed Oregon bar examination refused admission because he had been convicted of a felony, manufacturing a controlled substance, marijuana). The failure to file an income tax return was an attempt to evade or defeat a tax by not filing a tax return. The three convictions establish criminal conduct that reflects adversely on the accused's honesty, trustworthiness, and fitness to practice law. DR 1-102(A)(2).

The third, fourth, and fifth charges are that the accused misappropriated funds from several decedents' estates. We find that the accused intentionally took $3,824 from one estate, $3,400 from another, and $8,818 from a third, in violation of DR 1-102(A)(3)[4] and DR 9-101(B)(3).[5]

The sixth charge is that the accused failed to cooperate in the bar's investigation of his alleged wrongdoing by not signing a power of attorney to allow the Internal Revenue Service to disclose certain information, in violation of DR 1-103(C).[6] The accused refused to sign a power of attorney. This was necessary to assist the Lane County Local Professional Responsibility Committee in its investigation of the accused's conduct. The accused never asserted any right or privilege to justify his failure to respond to the committee's request for the power of attorney. We find that the accused intentionally violated DR 1-103(C).

---

[4] DR 1-102(A)(3) provides:

"It is professional misconduct for a lawyer to:

"* * * * *

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] DR 9-101(B)(3) provides:

"A lawyer shall:

"* * * * *

"(3) Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the lawyer's client regarding them."

[6] DR 1-103(C) provides:

"A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers, subject only to the exercise of any applicable right or privilege."

## SANCTION

In recent years, we have looked to the American Bar Association Standards for Imposing Lawyer Sanctions (1986) (ABA Standards) in determining what sanction is appropriate in bar disciplinary proceedings. ABA Standard 5.11 states that disbarment generally is appropriate when a lawyer engages in the "sale, distribution or importation of controlled substances." ABA Standard 4.1 states that disbarment generally is appropriate "when a lawyer knowingly converts client property and causes injury or potential injury to a client." The accused's acts were intentional. The estates suffered financial loss.

There is but one mitigating factor, the absence of a prior disciplinary record.

Even apart from his conviction for income tax evasion, it is clear that disbarment is the appropriate sanction.

The accused is disbarred.